UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


GONZALO H. PEREZ            )    Case No. 4:10 CV 1586
                            )
           Plaintiff,       )
                            )    OPINION AND ORDER
                            )
   -vs-                     )
                            )
WARDEN RODDY RUSHING,       )    JUDGE JAMES G. CARR
                            )
                            )
           Defendant.       )

    Pro se petitioner Gonzalo H. Perez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio, seeks additional Good Credit Time (GCT) in exchange for his completion of 240 General Educational Development (G.E.D.) hours at N.E.O.C.C.

*Background*

    Mr. Perez pleaded guilty to a drug offense in the United States District Court for the Western District of Wisconsin. He was sentenced on June 19, 2007 to an undisclosed term of imprisonment. The Bureau of Prisons (BOP) Sentence Monitoring Data Sheet, provided with the petition, reflects that a projected release date of March 26, 2015 as of May 25, 2010.

On May 24, 2010, Mr. Perez submitted an "Inmate Request Form to Staff Member" at N.E.O.C.C. seeking an 'update' of his release date.[1] He maintained the BOP's release date of March 26, 2015 was incorrect because he completed 240 hours of enrollment in a GED program and was entitled to an additional 48 days GCT to his sentence, which accrued from October 2006 until October 2009.[2] His request sought "all my GCT to my computation and correct my release date." (In. Req. Form of 5/24/10.) A staff member in the N.E.O.C.C. Records Department replied the following day and advised Mr. Perez its records reflected he completed his GED hours on June 15, 2009.  He also stated that from October 27, 2005 until October 26, 2009, petitioner accrued 42 days per year "due to GED ***."[3]  Finally, petitioner was advised his sentence began accruing 54 days GCT per year "from October 27, 2009 forward."

Mr. Perez now argues his annual accrued GCT for the period from October 27, 2005 through October 26, 2009 should be 54 days instead of the 42 days GCT per year he was awarded during that period. He claims entitlement to this "even though I am a deportable alien and expressly excempt [sic] from this under 28 C.F.R. § 544.71."[4]  (Pet. at 5.)

*Analysis*

Petitioner asserts the BOP acted arbitrarily when it denied him eligibility for good-

---

[1] The date typed in the body of petitioner's Inmate Request to Staff is: "()@-()8-@()15."

[2] This may be the period in which petitioner was enrolled, but had not yet completed his GED.

[3] The last word in the sentence is illegible.

[4] Inmates who are classified as a "deportable aliens," are exempt from the BOP's "Literacy Program," as codified at 28 C.F.R. § 544.71 and as explained in BOP Program Statement 5350.28.

time credits in spite of earning his GED. Without further elaboration, he adds the BOP imposed "additional eligibility requirements not contained in the BOP Program Statement." (Pet. at 4.) Mr. Perez maintains that 18 U.S.C. § 3624(b)(1) mandates the BOP award GCT to any inmate who completes his GED requirements while in prison. Citing Martin v. O'Brien, No. 06-5845, 2006 WL 3488742 (6th Cir. Dec. 4, 2006), he argues his right to due process was violated by the BOP's refusal to award him GCT, in which he has a liberty interest.

Finally, Mr. Perez claims he should be excused from exhausting his administrative remedies. He believes the "lengthy administrative process would extend easily beyond my schedule[d] release and thereby mooting my claim." (Pet. at 4.) He relies, in part, on Vargas-Crispin v. Zenk, 376 F. Supp.2d 301 (E.D.N.Y. 2005) to support his 'futility of exhaustion' claim.

## *Standard of Review*

Once an application for a writ of habeas corpus is filed, a judge "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Based on the facts set forth below, petitioner is not entitled to habeas relief in this matter.

## *Exhaustion*

Federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981). The exhaustion of administrative remedies procedure required of a § 2241 petitioner is not a statutory requirement, but instead, is a wholly judicially created requirement. See Wesley v. Lamanna, No. 01-3426, 2001 WL 1450759 (6th Cir. Oct. 30, 2001). Unlike a Prison Litigation Reform Act

3

imposed exhaustion requirement, the judicially created administrative remedy exhaustion requirement does permit waiver of further exhaustion in the face of futility. Aron v. LaManna, No. 00-3834, 2001 WL 128349 (6th Cir. Feb. 6, 2001) (citing McKart v. United States, 395 U.S. 185, 200 (1969) ("petitioner must show that the administrative remedy is inadequate or cannot provide the relief requested for exception to the exhaustion requirement to apply"). While it is appears Mr. Perez initiated the administrative exhaustion process, he admittedly failed to complete it.

Resort to administrative remedies is futile if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." James v. United States Dept. of Health and Human Services, 824 F.2d 1132, 1139 (D.C. Cir.1987). This holding is also supported by the Vargas-Crispin opinion petitioner cites. Unlike either of these cases, however, Mr. Perez does not raise an issue about which the BOP has already taken a strong position. Instead, he claims 'time is of the essence' and requiring him to exhaust his remedies would render his request moot. The relevant facts suggest otherwise.

Mr. Perez is seeking a total of 48 additional GCT days. This would accelerate his release date by less than two months. Considering the fact he is not scheduled for release until 2015, there is more than ample time for his grievance to move through the administrative exhaustion process. See 28 C.F.R. §§ 542.10-542.16. Thus, he has failed to establish that exhaustion of this issue would be futile.

*Conclusion*

Based on the foregoing, the petition is dismissed without prejudice for failing to

4

exhaust administrative remedies. See 28 U.S.C. §2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                  s/ JAMES G. CARR
                                  UNITED STATES DISTRICT JUDGE